United States District Court
For the Northern District of California

1

2

3                    IN THE UNITED STATES DISTRICT COURT

4                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6

7

8    IN RE: JETHRO L. LARKIN, II          No. C 12-3361 TEH (PR)

9    _____/

10   JETHRO L. LARKIN, II,                No. C 12-3362 TEH (PR)

11               Plaintiff,

12          v.                            ORDER TO SHOW CAUSE

13   JAMES CARLSON,

14               Defendant.
     _____/
15

16        Plaintiff, a state prisoner and frequent litigant in this

17   Court, has filed two pro se civil rights complaints pursuant to 42

18   U.S.C. § 1983.  He also seeks to proceed in forma pauperis pursuant

19   to 28 U.S.C. § 1915.

20        The Prison Litigation Reform Act of 1995 (PLRA) was

21   enacted, and became effective, on April 26, 1996.  It provides that

22   a prisoner may not bring a civil action in forma pauperis under 28

23   U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions,

24   while incarcerated or detained in any facility, brought an action

25   or appeal in a court of the United States that was dismissed on the

26   grounds that it is frivolous, malicious, or fails to state a claim

27   upon which relief may be granted, unless the prisoner is under

28   imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

1    For purposes of a dismissal that may be counted under
2  § 1915(g), the phrase "fails to state a claim on which relief may
3  be granted" parallels the language of Federal Rule of Civil
4  Procedure 12(b)(6) and carries the same interpretation, the word
5  "frivolous" refers to a case that is "of little weight or
6  importance: having no basis in law or fact," and the word
7  "malicious" refers to a case "filed with the 'intention or desire
8  to harm another.'"  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir.
9  2005) (citation omitted).  Only cases within one of these three
10 categories can be counted as strikes for § 1915(g) purposes.  Id.
11 Dismissal of an action under § 1915(g) should only occur when,
12 "after careful evaluation of the order dismissing an [earlier]
13 action, and other relevant information, the district court
14 determines that the action was dismissed because it was frivolous,
15 malicious or failed to state a claim."  Id.

16    Andrews requires that the prisoner be given notice of the
17 potential applicability of § 1915(g), by either the district court
18 or the defendants, but also requires the prisoner to bear the
19 ultimate burden of persuasion that § 1915(g) does not bar pauper
20 status for him.  Id.  Andrews implicitly allows the Court to raise
21 the § 1915(g) problem sua sponte, but requires the Court to notify
22 the prisoner of the earlier dismissals it considers to support a
23 § 1915(g) dismissal and allow the prisoner an opportunity to be
24 heard on the matter before dismissing the action.  Id. at 1120.  A
25 dismissal under § 1915(g) means that a prisoner cannot proceed with
26 his action as a pauper under § 1915(g), but he still may pursue his
27 claims if he pays the full filing fee at the outset of the action.
28

United States District Court
For the Northern District of California

2

United States District Court
For the Northern District of California

A review of the dismissal orders in Plaintiff's prior prisoner actions in this Court reveals that Plaintiff has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  Plaintiff is now given notice that the Court believes the following dismissals may be counted as dismissals for purposes of § 1915(g):  <u>Larkin v. Jeter</u>, No. CV 12-00209-TEH (N.D. Cal. Jan. 12, 2012) (failure to state a claim); <u>Larkin v. Carlson</u>, No. CV 12-01713-TEH (N.D. Cal. April 5, 2012) (same); and <u>Larkin v. Still</u>, No. CV 12-2482-TEH (N.D. Cal. May 16, 2012) (same). Plaintiff therefore may proceed <u>in forma pauperis</u> only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing.  <u>See</u> <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007); <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); <u>Medberry v. Butler</u>, 185 F.3d 1189, 1192-93 (11th Cir. 1999); <u>Ashley v. Dilworth</u>, 147 F.3d 715, 717 (8th Cir. 1998).  He is not.

In light of these dismissals, and because Plaintiff does not appear to be under imminent danger of serious physical injury, he is ORDERED TO SHOW CAUSE in writing no later than <u>thirty (30) days</u> from the date of this Order why <u>in forma pauperis</u> should not be denied and these actions should not be dismissed pursuant to 28 U.S.C. § 1915(g).  If Plaintiff is so inclined, he may avoid dismissal by paying the $350.00 filing fee.  In any event, the Court will continue to review under § 1915(g) all future actions filed by Plaintiff while he is incarcerated in which he seeks <u>in forma pauperis</u> status.

Failure to file a timely response or failure to pay the full filing fee will result in the dismissal of these actions without further notice to Plaintiff.

IT IS SO ORDERED.

DATED: 09/13/2012

_____
THELTON E. HENDERSON
United States District Judge

**United States District Court**
For the Northern District of California

G:\PRO-SE\TEH\CR.12\Larkin 12-3361_62 1915g-OSC.wpd

4